NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**09-1289**

STATE OF LOUISIANA
VERSUS
JAMES LANCE FONTENOT

\*\*\*\*\*\*\*\*\*\*
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 117603
HONORABLE DURWOOD CONQUE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*
**ELIZABETH A. PICKETT**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Judges Sylvia R. Cooks, Jimmie C. Peters, and Elizabeth A. Pickett.

**APPEAL DISMISSED.**

**David F. Hutchins**
**Asst. District Attorney**
**Post Office Box 3306**
**Lafayette, LA 70502-3306**
**(337) 232-5170**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
        **State of Louisiana**

**James Kirk Piccione**
**Piccione & Piccione**
**Post Office Box 3029**
**Lafayette, LA 70502**
**(337) 233-9030**
**COUNSEL FOR DEFENDANT/APPELLEE:**
        **James Lance Fontenot**

**Danny Joseph Louviere**
**Attorney at Law**
**105 N. Market St.**
**Opelousas, LA 70570**
**(337) 654-0594**
**COUNSEL FOR APPELLANTS:**
    **Financial Casualty & Surety, Inc.**
    **Zerangue's Bail Bonds, Inc.**

PICKETT, Judge.

This court, *sua sponte*, issued a rule for the appellants, Zerangue's Bail Bonds, Inc., and Financial Casualty and Surety, Inc., to show cause why their appeal should not be dismissed as premature pursuant to La.Code Civ.P. arts. 1911 and 2083. For the reasons set forth herein, we dismiss the appeal.

The appellants were the sureties for a bail bond posted by the defendant, James Lance Fontenot. When Fontenot failed to appear in court on April 17, 2008, the trial court orally entered judgment forfeiting the bond and ordering the issuance of a bench warrant for Fontenot. A written judgment ordering the bond forfeiture in the amount of $750.00 was signed by the trial court on May 2, 2008. An affidavit prepared by the clerk of court's office for the Lafayette Parish District Court certified that notice of the written judgment was sent to the appellants on May 12, 2008.

Fontenot again failed to appear at a hearing set for June 23, 2008. The trial court, once again, issued a bench warrant for Fontenot and ordered forfeiture of the bond. A written judgment ordering the bond forfeiture, this time in the amount of $195.00, was signed by the trial court on July 9, 2008. An affidavit from the clerk of court's office for the Lafayette Parish District Court certifies that notice of this judgment was mailed to the appellants on July 21, 2008.

On February 9, 2009, the appellants filed a Motion for Discharge and Release of Surety. The appellants argued in their motion that after the judgment of bond forfeiture was orally rendered on April 17, 2008, Fontenot surrendered himself on or about May 6, 2008. Thus, the appellants contended that this surrender should have resulted in the appellants being fully discharged and released from their surety obligation. Therefore, the appellants prayed for entry of a judgment discharging and releasing them from any obligation under the bond and judgment of bond forfeiture.

1

The state opposed this motion by asserting that the challenge to the judgment of forfeiture was untimely filed in excess of the sixty day time limit imposed by La.R.S. 15:85(5).

A hearing on the appellants' motion for release of surety was held on June 4, 2009. At the hearing the trial court orally denied the motion. The record contains no written judgment memorializing this decision. Regardless, the appellants filed a motion for appeal on July 2, 2009, referring to the June 4, 2009 ruling denying their motion for release of surety.

Upon this court's receipt of the record in this appeal, this court issued the subject rule for the appellants to show cause why their appeal should not be dismissed as premature based on the lack of a written judgment pursuant to La.Code Civ.P. arts. 1911 and 2083. The appellants filed a response to this rule arguing that the April 17, 2008 judgment of bond forfeiture and the June 4, 2009 judgment denying the motion for release of the surety are appealable judgments.

The appellants cite this court to La.R.S. 15:85(6) as statutory support for the appealable nature of the judgments at issue. This provision reads:

> (6) Appeals.
>
> (a) The defendant and his sureties shall have the right to an appeal that suspends the effect or the execution of the judgment of bond forfeiture. The security to be furnished for this suspensive appeal shall be equal to the bail obligation.
>
> (b) The defendant and his sureties shall have the right to a devolutive appeal of the judgment of bond forfeiture.
>
> (c) All appeals shall be to the appellate court having general civil appellate jurisdiction over the court issuing the judgment of bond forfeiture.

The appellants appear to contend that this court should permit their appeal based on the May 2, 2008 judgment of forfeiture, although the appellants refer to the date of the oral ruling of April 17, 2008. This court agrees with the appellants that

2

a written judgment of bond forfeiture is appealable pursuant to La.R.S. 15:85(6). Thus, a timely appeal was available to the appellants from the May 2, 2008, judgment. The record reveals that the appellants were properly sent notice of the signing of this judgment. Therefore, we find that the delays for seeking an appeal of this judgment ran well before the appellants filed their motion and order for appeal on July 2, 2009. *See* La.Code Civ.P. arts. 2087 and 2123.

The only remaining judgment to which the appellants refer in their response to this court's ruling that could arguably be appealable is the oral judgment denying the motion to release surety. The appellants have provided this court with no authority, statutory nor jurisprudential, which affords the appellants a right to appeal the oral judgment denying the motion to release surety. Even if this judgment would be appealable when reduced to proper form, which issue is not before this court, the judgment must be reduced to writing before it would be appealable. La.Code Civ.P. arts. 1911 and 2083. Since we find that the appeal delays have run as to the written judgment of May 2, 2008, and that an appeal of the oral ruling of June 4, 2009, is premature without the rendition of a written judgment, we hereby dismiss the instant appeal at appellants' cost.

**APPEAL DISMISSED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.

Rule 2-16.3 Uniform Rules, Court of Appeal.

3